IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00281-CMA-STV

JEYLAN ABDULKADIR,

    Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.,
NOBLE ENERGY, INC.,
JOHN DOES 1 AND 2, and
DOE CORPORATIONS 1 AND 2,

    Defendants.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint for Damages and Jury Demand (the "Motion") [#93]. The Motion has been referred to this Court. [#94] This Court has carefully considered the Motion, related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I **GRANT** the Motion.

**I.    Background**

According to the Complaint, Plaintiff was a vacuum truck driver whose job duties entailed fracking fluid clean up and removal from Defendants' fracking well sites. [#4, ¶¶ 16, 24] The Complaint asserts that Defendants did not warn Plaintiff regarding the dangers of fracking fluid and did not provide Plaintiff with training on how to handle

fracking fluid. [*Id.* at ¶ 26] On January 6, 2014, while working on Defendants' well site, Plaintiff slipped and fell into spilled fracking fluid. [*Id.* at ¶ 28] Plaintiff maintains that he experienced severe burns as a result of the exposure to the fracking fluid, leading to hospitalization for eleven days. [*Id.* at ¶¶ 38, 40] Plaintiff further alleges that, while hospitalized, Defendants refused to provide the treating medical professionals with the chemicals present in the fracking fluids. [*Id.* at ¶¶ 42-44] Plaintiff alleges that he "continues to suffer from significant pain, permanent impairment and disfigurement, and limitations of use with his dominant hand, such that his activities of daily living are greatly impacted." [*Id.* at ¶ 50]

On January 6, 2016, Plaintiff filed his Complaint in Denver District Court. [#4] The Complaint alleges six causes of action: (1) strict products liability, (2) strict products liability, misrepresentation, (3) breach of express warranty, (4) breach of implied warranty, (5) negligence, and (6) fraud. [*Id.* at 12-20] On February 5, 2016, Defendants removed the action to this Court. [#1]

On April 27, 2016, Defendants Halliburton Energy Services, Inc. ("Halliburton") and Noble Energy, Inc. ("Noble") filed a Motion to Dismiss. [#42] In it, Noble moved to dismiss all claims against it for lack of subject matter jurisdiction, whereas Halliburton moved only to dismiss the misrepresentation and fraud claims for failure to state a claim. [*Id.*] On June 3, 2016, Magistrate Judge Shaffer stayed briefing on the Motion to Dismiss. [#52, 86] Unaware that Magistrate Judge Shaffer had stayed the briefing, on March 23, 2017, Judge Arguello granted the Motion to Dismiss. [#77, 86] On April 21, 2017, Judge Arguello vacated her Order on the Motion to Dismiss, and denied the Motion to Dismiss without prejudice with leave to refile after completion of limited

2

discovery. [#86] The parties are currently engaged in limited discovery with respect to jurisdictional issues, and a scheduling conference is set for August 21, 2017. [#90]

On May 9, 2017, Plaintiff filed the instant Motion. [#93] Through the Motion, Plaintiff seeks to amend the Complaint to eliminate the Doe Defendants, to request a trial by jury, and to plead the fraud and misrepresentation claims with greater particularity. [*Id.* at 1-2] Defendants Halliburton and Noble (collectively, "Defendants") filed their Opposition on May 19, 2017. [#96] Defendants argue that the Motion is untimely, that the contemplated amendments would be futile, and that the amendments serve no legitimate purpose other than to harass Defendants, thereby frustrating judicial economy. [*Id.* at 1-2]

## II.   Analysis

Pursuant to Federal Rule of Civil Procedure 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants first argue that the Motion is untimely. It is true that the Motion was filed more than a year after the Defendants filed their Motion to Dismiss. But, as

indicated earlier, Judge Shaffer stayed briefing on the Motion to Dismiss pending discovery on the jurisdictional issues. At the parties' joint request, that discovery was then delayed for nearly six months while the parties attempted to mediate this matter. [#70, 74] Given this history, and the lack of prejudice detailed below, the Court cannot conclude that Plaintiff's delay in bringing the Motion should lead to denial of the Motion.

Next, Defendants argue that the Motion to Amend would be futile. "An amendment is futile only if it would not survive a motion to dismiss." *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No. 12-cv-00043-WYD-KLM, 2013 WL 6676157, at *2 (D. Colo. Dec. 18, 2013) (*citing Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Both the original Complaint and the proposed Amended Complaint contain fraud and misrepresentation claims; the Amended Complaint merely attempts to bolster the allegations supporting those claims. The Court finds that arguments regarding the sufficiency of these allegations would be better and more efficiently addressed after Plaintiff's Amended Complaint is entered and Defendants have had an opportunity to revise their motion to dismiss to address the revised allegations, if they choose to file such a motion. *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument "seems to place the cart before the horse"). "Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and

when Defendants file a motion to dismiss on those grounds." *Stender*, 2011 WL 1235414, at *3.

Finally, Defendants argue that the Motion serves no legitimate purpose and does not promote equity or judicial economy. But, the Motion attempts to address the lack of specificity argued by Defendants in their Motion to Dismiss. Moreover, the Motion removes the Doe Defendants, thereby simplifying the matter. Finally, as set forth above, the Court believes it far more efficient to allow Plaintiff to file his Amended Complaint, and then address the sufficiency of the allegations if and when Defendants file a renewed motion to dismiss.

The Court's conclusion is bolstered by an analysis of prejudice. Prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Here, Defendants have not argued that they would be prejudiced by an amendment, nor can the Court imagine any prejudice given the early stage of the litigation.

For the reasons stated above, it is **ORDERED** as follows:

(1) Plaintiff's Motion to Amend [#93] is **GRANTED** and the Clerk of Court shall enter the proposed Amended Complaint [#93-1]; and

(2) Defendants shall file renewed motions to dismiss or other responsive pleadings on or before July 13, 2017. The response to any renewed motions to dismiss is due on or before August 3, 2017. The reply is due on or before August 17, 2017.

DATED: May 25, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge